No. 85-276

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

IN THE MATTER OF DECLARING
M.L.H., H.M.H., and R.H.,
Youths in Need of Care.

APPEAL FROM:   The District Court of the Twentieth Judicial District,
               In and for the County of Lake,
               The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

               French, Mercer, Grainey & Duckworth; Edward K.
               Duckworth, Polson, Montana

        For Respondent:

               Hon. Mike Greely, Attorney General, Helena, Montana
               Joe Roberts, Asst. Atty. General, Helena
               John Frederick, County Attorney, Polson, Montana
               Larry Nistler, Deputy County Atty., Polson

        For Amicus/Guardian Ad Litem:

               Matthew O'Neill; Christian, McCurdy & Wold, Polson,
               Montana

                                   Submitted on Briefs: Nov. 21, 1985

                                       Decided:  February 25, 1986

Filed:   FEB 25 1986

                           _____
                                        Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Following an adjudicatory hearing the Twentieth Judicial District, Lake County District Court declared M.L.H., H.M.H. and R.H. youths in need of care. Their parents appeal the adjudicatory order and the dispositional order of the District Court placing the children in two separate foster homes.

We reverse and remand for proceedings consistent with this opinion.

The parents present these issues for review:

1. Whether the District Court committed reversible error in failing to make a record of an in-chambers interview of the children.

2. Whether the District Court's findings of fact and conclusions of law are supported by sufficient evidence.

3. Whether the District Court erred by indicating at the adjudicatory hearing that it intended to transfer custody of the children from the parents to the Department of Social Rehabilitation and Services.

The children, through their guardian ad litem, present the following questions in their brief as amicus curiae:

1. Whether certain documentary evidence should be disregarded as inadmissible hearsay.

2. Whether the District Court erred in placing the three children in two separate foster homes.

The appellant parents are both disabled by illness. The father, a retired dairy farm worker, is 67 years old and suffers from emphysema. The mother is 46 years old and suffers from obesity, high blood pressure, diabetes, and an

old back injury. Their sole support is from social security payments which total approximately $775 per month.

The appellants have six children. Three are concerned in this proceeding: M.L.H., a female, age 13; H.M.H., a female, age 12; and R.H., a male, age 11. The record contains little reference to the other three children. They are two females and a male in their late teens.

The appellants own a small house and an adjoining lot. This house has two bedrooms, a living room, a kitchen, and a bathroom. The six children share one bedroom and also use the living room for sleeping as well.

The nature of the physical environment of the children may be set forth by a quote from a report of a social caseworker:

> On every visit social worker has made to the home, there have been clothes strewn all over the floors of every room. The clothes have to be stepped on when walking through the rooms. Junk is piled everywhere and leftover food sits out on the kitchen table and counter tops. Dirty dishes are everywhere. A foul smell is everywhere and permeates everything.

The same report contains statements that set forth the nature of the parental attitude and ability to control the children:

> Children literally run the streets, engage in illegal behavior and get themselves involved in potentially physically and emotionally damaging situations.
>
> Neither parent is motivated to instill in their children the difference between right and wrong, respect for others and their rights, or to provide an adequate physical and emotional environment.

However, although the evidence shows that the home environment and discipline is poor, the witnesses testified predominately that the children were healthy and bright. No evidence demonstrated problems in school. Therefore, of the facts presented, not all are negative.

In 1980, the Montana Department of Social and Rehabilitative Services was granted temporary investigative authority of the appellants' children. In 1984, a petition for temporary legal custody of the three children was filed. An adjudicatory hearing was held in March of 1985 and the children were adjudicated youths in need of care. A dispositional hearing in April of 1985 resulted in an order that custody be granted to the Lake County Office of Human Services for foster home placement. The three children were placed in two separate homes for an initial period of one year. The appellants filed this appeal after the dispositional order. The appeal is from both the adjudication and disposition. The guardiun ad litem was granted leave to file an amicus curiae brief.

The first issue presented for review is whether the District Court committed reversible error in failing to make a record of its in-chambers interview with the children. Near the conclusion of the adjudicatory hearing there was discussion concerning the District Court's intention to conduct an in-home inspection and an in-chambers interview of the children. However, there is no record of, or reference to, the in chambers interview beyond the discussion of intent to conduct such an interview. Absent a record or a reference, we do not know if the interview was conducted; however both parties treat the matter as if it was. The remaining discussion on this issue will be based on the assumption that it was conducted.

The appellants, in their argument that the District Court erred in not making a record of the interview, refer to § 40-4-214(1), MCA, contained in the statutes on child custody matters in marriage dissolution, which reads:

> The court may interview the child in chambers to
> ascertain the child's wishes as to his custodian
> and as to visitation. The court may permit counsel
> to be present at the interview. The court shall
> cause a record of the interview to be made and to
> be part of the record in the case.

In further support of their argument the appellants cite In re Marriage of Brown (1978), 179 Mont. 417, 587 P.2d 361, wherein a District Court did not make a record of the in-chambers interview with the children in a dissolution of marriage custody proceeding. We remanded in Brown for reconsideration of the property division and also on the basis that a record of the in-chambers interview was mandated by statute. Brown, 587 P.2d at 336. The appellants point out that the rationale in Brown was reiterated in Wilson v. Wilson (1979), 180 Mont. 377, 590 P.2d 1136. We did not remand in Wilson, however, because the District Court had entered findings as to the child's wishes and, also, a witness had testified as to what occurred during the interview. Wilson, 590 P.2d at 140. We note that no findings were made concerning the in-chambers interview in the instant case.

The respondent, State, attempts to counter the appellants' argument on this issue by pointing out two problems: nonapplicability of the cited law and waiver. The respondent argues that § 40-4-214(1), MCA, is part of the Uniform Marriage and Divorce Act. It deals only with child custody in a dissolution proceeding, and there is no provision in the child abuse, neglect, and dependency statutes requiring and interview to be recorded. If correct, this same reasoning would apply to the Brown and Wilson case law, as it dealt with child custody in dissolution proceedings also. As to waiver, the respondent relies

heavily on the transcript setting forth the discussion in the District Court concerning the District Court's intentions to conduct the in-home inspection and the in-chambers interview. The respondent alleges that the appellants freely consented to the interview between the District Court and the children when it was clear the interview would not be recorded.

Section 40-4-214(1), MCA, deals with child custody in a dissolution of marriage proceeding. It is true that no provision in the abuse, neglect, or dependency statutes require an interview to be recorded. However, we find no provision in those statues that specifically allows for an in-chambers interview either.

Whether dealing with child custody in a dissolution proceeding, or in an abuse, neglect, or dependency proceeding which may result in removing custody of a child from the parents, the same legal reasoning applies to any in-chambers interview conducted. That reasoning is best set forth in the commissioner's note to § 40-4-214, MCA, which provides:

> This section . . . [is] designed to permit the court to make custodial and visitation decisions as informally and non-contentiously as possible, based on as much relevant information as can be secured, while preserving a fair hearing for all interested parties.
>
> The general rule is that the judge may interview the child in chambers. It is often important for the judge to discover the attitudes and wishes of the child, and there is no reason to subject the child to the formality of the courtroom and the unpleasantness of cross examination. This provision does not require the judge to permit counsel to be present at the interview, but he must make some kind of record of the interview (using a court reporter or a tape recorder) so that counsel for all parties will have access to the substance of the interview.

Section 40-4-214, MCA, (Annot.).

The same reasoning applies to a dispositional hearing concerning custody of youths in need of care. The nature of

the children's interest can best be gleaned from such an interview, while shielding the children from the rigors of the courtroom. However, the parties to the dispositional hearing have just as great a need for access to the substance of the interview as do parties to a custody in dissolution hearing. Furthermore, as a matter of due process, a record made in-chambers provides this Court access to evidence on which the District Court may have relied in making its order. As we have explained:

> Without the record of the interview and without specific findings as to the wishes of the children, counsel and this Court do not know with any degree of certainty the basis for the District Court's conclusion on custody matters.

In re Marriage of Brown (1978), 179 Mont. 417, 426, 587 P.2d 361, 366. We hold that a District Court may conduct an in-chambers interview of children in an abuse, neglect and dependency proceeding. However, once the District Court, in its discretion, decides to hold such an interview it must make a record of the interview. The respondent's argument that the parents' waived their right to access to a record of the interview has no merit. In the discussion between the court and the parties regarding the interview, no mention was made of a record and it was reasonable of the appellants to assume that a record would be made.

The second issue presented by the parents is whether the District Court's findings of fact and conclusions of law are supported by sufficient evidence. For discussion, we combine this issue with the children's second issue of whether certain reports should be disregarded by this Court because they were inadmissible as hearsay.

The findings of a district court in an abuse or neglect action enjoy a presumption of correctness and will not be

overturned unless so unsupported by credible evidence as to amount to a clear abuse of discretion. In re C.M.S. (Mont. 1979), 609 P.2d 240, 243, 36 St.Rep. 2004, 2008. Furthermore, in a bench trial, such as this, we presume the district judge disregarded inadmissible evidence in reaching his decision. In the Matter of M.F., J.F. and R.W. (Mont. 1982), 653 P.2d 1205, 1210, 39 St.Rep. 2103, 2109; In the Matter of Moyer (1977), 173 Mont. 208, 211, 567 P.2d 47, 49.

The parents' attorney objected to the presence in the court file of any statements not supported by testimony. We have cautioned that "[t]he possibility of error would be great where a trial court relied on reports not supported by examination at a custody hearing." In the Matter of M.F., J.F. and R.W. (Mont. 1982), 653 P.2d 1205, 1210, 39 St.Rep. 2103, 2109. Due process is violated if the authors of such reports are not required to testify and be subject to cross-examination. In the Matter of Moyer (1977), 173 Mont. 208, 211, 567 P.2d 47, 49. However, in this instance, the author of the reports did testify and were subject to cross-examination. No evidence was presented to rebut the presumption that any hearsay within the reports, themselves, was disregarded by the District Court. The court explicitly based its findings upon the testimony of the witnesses and upon the reports of only those who testified. Therefore we find that the District Court properly considered only the admissible evidence. However, because of the uncertainty of the substance of the in-chambers interview we cannot say that there was substantial credible evidence to support the adjudicatory order.

The parents also contend the District Court erred in indicating its intention to transfer custody from the parents

to the Department of Social and Rehabilitation Services before the dispositional hearing was completed. The parents argue this made the completion of the dispositional hearing required by section 41-3-406, MCA, a mere formality. The mandate of section 41-3-406 is clear. A district court may make a dispositional order only after a dispositional hearing. We have cautioned previously that "[t]o insure that the minors involved received the full protection of [custody] laws, these procedures should be 'rigorously followed.'" In the Matter of Guardianship of Aschenbrenner (1979), 182 Mont. 540, 553, 597 P.2d 1156, 1164. Here, the record indicates the District Court stated its intention to transfer custody to the State three times, and before the parties had the opportunity to present any evidence at the dispositional hearing. This is error and we reverse.

This case is remanded in order to clearify the evidence relied on by the District Court to support the adjudicatory order and to allow for a full dispositional hearing. The children's guardian ad litem argues that because of surprise they were unaware that the State would recommend separating the children, and therefore was unable to present evidence on that issue or effectively cross-examine the testimony which recommended the separation. Because we remand, another opportunity to present the children's interest will be afforded to counsel.

Reversed and remanded.

_____
Justice

We Concur:

_____
Chief Justice

- 9 -

_(signatures)_

John Conway Harrison

John C. Sheehy

L. C. Southbridge

Justices