No. 94-457

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

EMMA JEAN "E.J." HANDO,

      Plaintiff and Appellant,

   -vs-

PPG INDUSTRIES, INC., ETC.,

      Defendant, Respondent and Cross-Appellant.

FILED

JUL 25 1995

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Russell K. Fillner, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Don Edgar Burris, Attorney at Law, Billings,
          Montana

      For  Respondent:

          W. Anderson Forsythe and Brad H. Anderson; Moulton,
          Bellingham, Longo & Mather, Billings, Montana


                    Submitted on Briefs:  March 30, 1995

                               Decided:  July 25, 1995

Filed:

_____
                   Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Emma Jean Hando (Hando) appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, denying her motion for a new trial. We affirm.

The dispositive issue on appeal is whether the District Court abused its discretion in denying her motion for a new trial based on the improper admission of evidence regarding Spring Creek Coal Company (SCCC).

SCCC employed Hando as a control room operator at its mine in Decker, Montana. During a production break in the summer of 1981, SCCC assigned employees to various painting projects around the mine site. The paint, which was manufactured by PPG Industries, Inc. (PPG), was surplus paint used in a prior painting project. SCCC transferred the paint from five-gallon drums to smaller containers which then were given to painting personnel, including Hando. Neither the five-gallon drums nor the smaller containers provided to the employees contained warnings concerning health risks posed by use of the paint.

After using the paint for a period of time, Hando began experiencing physical problems which included dizziness, light-headedness, headaches, depression, and vaginal bleeding. After the painting was completed in September 1981, Hando's symptoms slowly improved.

Seven months later, Hando began using the same PPG-manufactured paint to paint the control room where she worked. During this project, the paint was contained in one-gallon cans

purchased from a supplier. She painted for one and one-half days and almost immediately experienced physical symptoms similar to those she experienced in 1981. Hando states that she lost consciousness on the second day of the control room painting project and that her symptoms increased following that incident.

Hando sought medical treatment for her symptoms which, at that time, included sensitivity to chemicals and fumes. She eventually was diagnosed as having extreme chemical sensitivity. According to her doctors, Hando was totally disabled from performing her work due to an inability to tolerate exposure to chemicals commonly found in her work environment. Several months later, while working in SCCC's front offices, Hando retrieved a label listing several health warnings from a one-gallon can of paint she had used in painting the control room.

On October 25, 1985, Hando filed a complaint, later amended, against PPG, SCCC, and NERCO, SCCC's parent corporation. Her claims against PPG alleged negligence and product liability based on placing a dangerous product in commerce with inadequate warnings. Hando settled her claims against SCCC, The District court subsequently granted summary judgment in NERCO's favor on the issue of whether it had a duty to provide a safe workplace to Hando; the court denied NERCO's and PPG's motions for summary judgment on the statute of limitations. All parties appealed, and we affirmed. We held, in pertinent part, that NERCO, as SCCC's parent corporation, did not have a duty to provide Hando with a safe workplace. Hando v. PPG Industries, Inc. (1989), 236 Mont.

3

493, 500, 771 P.2d 956, 961.  Thus, after the first appeal, only PPG remained as a party defendant.

Hando's negligence and failure to warn claims against PPG **were** tried to a jury.  The jury returned a verdict finding that PPG was not negligent and that PPG's paint was not in an "unreasonably dangerous defective condition."

Hando moved for a new trial under subsections (1), (6), and (7) of § 25-11-102, MCA.  The essence of her argument in each regard was that PPG's presentation of evidence shifting blame to SCCC permitted the jury to consider her employer's negligence, in violation of § 27-1-703(4), MCA. The District Court denied Hando's motion and Hando appeals.

Hando couches her argument as an error of law by the District Court in not enforcing the provisions of § 27-1-703(4), MCA, which provides, in pertinent part:

> in attributing negligence among persons, the trier of fact may not consider or determine any amount of negligence on the part of any injured person's employer or coemployee to the extent that such employer or coemployee has tort immunity under the Workers' Compensation Act or the Occupational Disease Act of this state  . .

In essence, however, her argument is that the District Court erred in admitting PPG's evidence regarding SCCC's safety procedures to protect its employees and alleged coercion against employees who refused to paint.  PPG contends that Hando presented evidence relating to SCCC's conduct during her own testimony and, furthermore, that she failed to object when PPG followed up by introducing additional evidence of SCCC's conduct toward employees

4

who were exposed to the paint.

Our standard in reviewing a district court's ruling on a motion for a new trial is whether the court abused its discretion. Brockie v. Omo Const., Inc. (1994), 268 Mont. 519, 525, 887 P.2d 167, 170. Determinations regarding admissibility of evidence also are within the broad discretion of the trial court and we will not reverse a court's determination absent an abuse of that discretion. King v. Zimmerman (1994), 266 Mont. 54, 65, 878 P.2d 895, 902.

The record is clear that the general subject of SCCC's conduct and evidence regarding some of SCCC's specific acts or omissions first were presented during Hando's case-in-chief. Hando testified on direct examination that SCCC did not provide her with special gloves or clothing to use when painting. Regarding the respirator SCCC provided, she opined that it was designed only for dusty conditions and was not appropriate for use when painting. She also testified that, a few days after painting began, SCCC provided the employees "paint mitts" to speed the painting process and that the mitts resulted in direct contact between the paint and the employees' hands.

Regarding the second painting project, Hando testified that SCCC again did not provide her with gloves, special clothing, or the correct respirator. She told the jury that the label on the one-gallon paint can provided to her recommended using the paint in a well-ventilated area. In response to that recommendation, she stated that she took the only precautions available by running several fans in the room and opening a window, but that those

5

precautions did not sufficiently ventilate the control room. Hando also testified that SCCC again provided respirators, but that they were ineffective against the paint fumes. It appears that Hando's SCCC-related testimony was presented to blunt, in advance, any suggestion by PPG that her own conduct caused, or contributed to, her injuries.

On cross-examination, PPG's counsel followed up on Hando's direct testimony about SCCC's conduct. Hando responded that her supervisors provided employees with warnings about the paint. She testified that, while SCCC provided respirators, she decided that they were insufficient for employees who painted and impractical to use. She did not request a different type of respirator.

During its case, PPG presented testimony from two SCCC employees who described SCCC's safety precautions toward employees assigned to painting projects. Howard Smothers testified that SCCC had charcoal respirators specifically designed to deflect paint vapors available and that employees were advised to wear the respirators when painting. When he observed Hando painting, she **was** not wearing a respirator. Hando cross-examined this witness about whether SCCC provided employees with--and trained them in the use of--respirators. In Suk Githens also testified that SCCC supplied respirators to be used while painting.

As a general rule, "[w]e will not put a district court in error for a ruling or procedure in which the appellant acquiesced, participated, or to which the appellant made no objection." Pedersen v. Nordahl (1993), 261 Mont. 284, 287, 862 P.2d 411, 413;

6

See also Buhr v. Flathead County (1994), 268 Mont. 223, 254, 886 P.2d 381, 400. Here, the record establishes that Hando first introduced evidence regarding SCCC's safety procedures. Thus, she clearly participated and acquiesced in its introduction and cannot now assert error regarding its admissibility.

Moreover, with regard to PPG's cross-examination of Hando about SCCC's safety procedures, it is axiomatic that a witness may be cross-examined on any subject raised or fact stated on direct examination. Rule 611(b) (1), M.R.Evid.; Tigh v. College Park Realty (1967), 149 Mont. 358, 364, 427 P.2d 57, 61. In addition, the SCCC-related conduct PPG presented in its case-in-chief was relevant and admissible under Rules 401 and 402, M.R.Evid., because it controverted Hando's direct testimony regarding SCCC's safety procedures. Again, Hando opened the door to the subject and cannot now complain because PPG walked through it.

Finally, we note that, even absent Hando's opening the door to evidence of SCCC's safety-related conduct in presenting her case, her counsel did not object to PPG's cross-examination of Hando regarding SCCC's conduct or to its affirmative evidence on that subject. While we need not rely on it in this case, the general rule is that a party's failure to object to an alleged error during trial precludes raising the issue on appeal. See Buhr, 886 P.2d at 400.

Based on the record before us, we cannot conclude that the District Court abused its discretion in admitting the SCCC-related evidence of which Hando now complains. Therefore, we hold that the

District Court did not abuse its discretion in denying Hando's motion for a new trial.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

July 25, 1995

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Don Edgar Burris
Attorney at Law
P.O. Box 2344
Billings, MT 59103

W. Anderson Forsythe
Brad H. Anderson
MOULTON, BELLINGHAM, LONGO, & MATHER
P.O. Box 2559
Billings, MT 59103

Joseph P. Mazurek, Attorney General
Clay Smith, Assistant
21.5 N. Sanders
Helena MT 5920


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *A. Gallagher*
Deputy

a