No. 97-001

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

IN RE THE MARRIAGE OF

KLAS WAYNE HIGHTOWER,

      Petitioner and Respondent,

and

BOBBI JO HIGHTOWER,

      Respondent and Appellant.

FILED

SEP 08 1997

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Kerry N. Newcomer; Geiszler & Newcomer, Missoula, Montana

      For Respondent:

            Howard Toole; Howard Toole Law Offices, Missoula, Montana

Submitted on Briefs: August 7, 1997

Decided: September 8, 1997

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Bobbi Jo Hightower (Bobbi Jo) appeals from the findings of fact, conclusions of law and alternative orders entered by the Fourth Judicial District Court, Missoula County, on her motion to modify child support and associated tax exemptions. We affirm.

We address the following issues on appeal:

1. Did the District Court abuse its discretion by considering inadmissible evidence?

2. Did the District Court abuse its discretion in relating modification of child support to visitation or lack thereof?

3. Did the District Court abuse its discretion in determining the dates on which modified child support payments would begin?

4. Did the District Court abuse its discretion in denying Bobbi Jo's request to grant her the child-related tax exemptions?

5. Did the District Court err in denying Bobbi Jo attorney fees as the prevailing party?

BACKGROUND

The 5-year marriage of Bobbi Jo and Klas Wayne Hightower (Klas) was dissolved in 1989. The parties' Marital and Property Settlement Agreement (Agreement) was

2

incorporated into the final decree and expressly determined not to be unconscionable. Bobbi Jo and Klas were awarded joint custody of their two minor children, with Bobbi Jo keeping the children with her for the 9-month school year and Klas having the children during the 3-month summer vacation. Klas was to pay Bobbi Jo $300 per month child support during the months the children resided with her and, in recognition of the need for Bobbi Jo to maintain a residence suitable for herself and the children even when they were with Klas for the summer, Bobbi Jo was not required to pay Klas any child support during the summer when the children resided with him. The Agreement expressly provided that the allocation of child support was based on the 2 to 1 disparity between Klas and Bobbi Jo's income at the time and gave Klas the tax exemptions associated with the minor children. Finally, the Agreement provided that if either party instituted proceedings to enforce, modify or interpret the Agreement, the court would award reasonable attorney fees to the prevailing party.

In 1992, Bobbi Jo and Klas stipulated to increase child support to $350 for the months of September through May, when the children were in Bobbi Jo's custody. With regard to the summer months, Klas agreed to pay Bobbi Jo $350 per month in child support for any month in which the children spent 15 or more days with her and, otherwise, to pay $200 per month for those months.

In February of 1996, Bobbi Jo moved to modify child support by increasing it to meet the amount which would result from application of Montana's Uniform Child Support Guidelines, which she estimated to be approximately $423 per month. She also sought to

3

claim the children as dependents for income tax purposes. As grounds for the motion, Bobbi Jo asserted that 1) Klas had not visited or provided care for the children in accordance with the provisions of the 1992 stipulation; 2) the cost of the children's care had increased as the children aged; 3) the parties' increasing income required reassessment of child support to accurately reflect the parents' income; and 4) the existing level of child support was unconscionable "as Klas does not see the children as frequently as was expected at the time the child support was last set." Ultimately, Bobbi Jo and Klas both requested an award of attorney fees pursuant to the "prevailing party" provision in the Agreement.

After a hearing on Bobbi Jo's motion to modify, the District Court found that the parties agreed that child support would increase from $350 per month to $396 per month if Bobbi Jo received the tax exemptions and to $418 per month if the exemptions remained with Klas. It also found that Klas had not visited the children in 1993, 1994 or to date in 1996 and that, as a result of the lack of visitation, Bobbi Jo had incurred additional expenses for the children's care. The court also found that the children's clothing expenses had increased, as had Bobbi Jo's housing expenses, although the latter increase resulted in large part from her purchase of a new home with her husband. The court further found that the parties agreed that visitation between Klas and the children was important and desired by all concerned. Finally, the District Court found that, if visitation did not occur between Klas and the children for three of the last four years (that is, for three years during the 1993 through 1996 time frame), the absence of visitation would amount to a change in circumstances so

4

substantial and continuing as to render the existing child support and allocation of tax exemptions unconscionable.

The court then entered alternative orders, depending on whether or not visitation occurred before the end of 1996. If visitation occurred, child support would increase to $418 per month retroactive to September 1, 1996, Klas would retain the tax exemptions relating to the minor children, and each party would be responsible for his or her attorney fees. In the alternative, if no visitation occurred, child support would increase to $396 per month retroactive to April 1, 1996, Bobbi Jo would receive the tax exemptions and Bobbi Jo would be awarded reasonable attorney fees. Bobbi Jo appeals.

1. Did the District Court abuse its discretion by considering inadmissible evidence?

In August of 1996, Klas made an offer of judgment to Bobbi Jo pursuant to which child support would increase to $418 per month and he would retain the tax exemptions. She rejected the offer. Unbeknownst to Bobbi Jo, Klas then filed the offer of judgment. Bobbi Jo contends on appeal that the District Court considered the offer of judgment, to her prejudice, and that the court's order should be vacated as a result. We disagree.

Rule 68, M.R.Civ.P., provides that an accepted offer of judgment may be filed, but a rejected offer is deemed withdrawn and evidence thereof is not admissible. It is clear, and Klas concedes, that the offer of judgment was improperly filed.

It is not clear, however, that the District Court considered the offer of judgment. In contending that it did so, Bobbi Jo points to the court's statement at the outset of its findings,

5

conclusions and order that it had made a "thorough review of the file." We observe, however, that the District Court's findings, conclusions and alternative orders do not specifically reference the offer of judgment. Furthermore, the judge in a matter tried to the court is presumed to have disregarded inadmissible evidence in making a decision. *See, e.g.,* Matter of M.L.H. (1986), 220 Mont. 288, 293, 715 P.2d 32, 35 (citations omitted). Finally, while Bobbi Jo contends that the District Court's alternative orders 1) making the child support increase to $418 retroactive to September 1, 1996, and requiring the parties to pay their own attorney fees in the event visitation occurred before December 31, 1996; or 2) increasing child support to $396 retroactive to April 1, 1996, with an award of attorney fees to Bobbi Jo, "tracked" Klas' offer of judgment and lacked any other rationale, the record belies her contention. The offer of judgment neither mentioned any starting date for the offered increase in child support, much less a September 1, 1996, date, nor addressed attorney fees. Moreover, while § 40-4-208(1), MCA, prevented the District Court from modifying the child support obligation retroactive to a date prior to late February of 1996, when Bobbi Jo filed her motion to modify, Bobbi Joe cites to no authority under which the District Court was required to make its alternative orders regarding the amount of child support retroactive to the same date. District courts have substantial discretion in these regards.

We conclude that Bobbi Jo has not established an abuse of discretion by the District Court in this regard.

6

2. Did the District Court abuse its discretion in relating modification of child support to Klas' visitation or lack thereof?

To obtain a modification of child support where the original decree contained support-related provisions, the moving party must make a "showing of changed circumstances so substantial and continuing as to make the [earlier] terms unconscionable." Section 40-4-208(2)(b)(i), MCA. We review the overall decision on modification of child support to determine whether the court abused its discretion. In re Marriage of Kovash (1995), 270 Mont. 517, 521, 893 P.2d 860, 863 (citation omitted).

Bobbi Jo advances a number of unrelated assertions of error with regard to the District Court's disposition of her motion to modify under this issue. First, she correctly cites to § 40-4-204(3)(a), MCA, and our cases thereunder, for the proposition that, when a district court modifies child support, it generally must apply the Uniform Child Support Guidelines. We note in this regard the District Court's express finding that the parties agreed that, in the event modification was warranted, the proper amount would be $396 per month if Bobbi Jo were allocated the tax exemptions and $418 per month if Klas retained the exemptions. Bobbi Jo does not challenge this finding and we conclude that it is supported by substantial evidence and not otherwise clearly erroneous.

Next, Bobbi Jo correctly contends that, in determining whether substantial and continuing changed circumstances have made the original child support unconscionable, district courts typically examine the relative positions of the parties. The District Court

7

clearly did so here, finding that Bobbi Jo's annual income had increased significantly from $10,500 at the time of the dissolution to approximately $25,000 in 1995, while Klas' annual income had increased to approximately $28,000 in 1995, thus virtually eliminating the roughly 2 to 1 income disparity between Klas and Bobbi Jo at the time of the dissolution. Certainly, these parties' relative financial positions do not require a finding that the existing child support was unconscionable. In any event, and notwithstanding its finding that unconscionability did not yet exist, the District Court increased child support to the amount the parties agreed would be warranted under the Uniform Child Support Guidelines if unconscionability were determined to exist. (Klas did not cross-appeal from this increase in child support.)

Finally, Bobbi Jo contends that the District Court abused its discretion by conditioning the amount of child support on Klas' exercise of, or failure to exercise, visitation. It is true that, as a general rule, visitation and support are independent of each other and the child support obligation cannot be conditioned on exercise of the right of visitation. *See, e.g.,* In re Marriage of Cox (1994), 266 Mont. 67, 72, 878 P.2d 903, 906; Fitzgerald v. Fitzgerald (1980), 190 Mont. 66, 68, 618 P.2d 867, 868.

Here, however, the child support to which the parties stipulated in 1992--and which Bobbi Jo sought to have increased via her motion to modify--was directly related to the amount of visitation being exercised by Klas. Similarly, Bobbi Jo's 1996 motion to modify explicitly was premised on Klas' failure to visit or care for the children as frequently as had

8

been contemplated at the time of the 1992 stipulation. Thus, in this case, the parties had structured Klas' child support obligation to relate directly to Klas' visitation of the children and Bobbi Jo's motion to modify was based on that relationship.

Under these unique circumstances, we conclude that the District Court did not abuse its discretion in conditioning the amount of child support on Klas' exercise of, or failure to exercise, visitation.

3. Did the District Court abuse its discretion in determining the dates on which the modified child support payments would begin?

As set forth above, the District Court's alternative orders provided for increased child support in the amount of $418, retroactive to September 1, 1996, if visitation occurred before the end of the year, and increased child support to $396, retroactive to April 1, 1996, if visitation did not occur. Bobbi Jo contends that the court abused its discretion in these regards and that the effective date of either modified child support amount necessarily was February 28, 1996, the date of her motion to modify. We disagree.

As discussed above, the District Court did not determine that the existing child support arrangements were unconscionable. Since modification requires such a determination (*see* § 40-4-208, MCA), the court properly could have refused to increase child support.

Furthermore, while § 40-4-208(1), MCA, prevents a district court from modifying a decree as to child support as to installments accruing prior to actual notice of a motion for

9

modification, it does not require a court, as a matter of law, to make a modification effective on the date a motion to modify is filed. Nor do the cases on which Bobbi Jo relies support her contention in this regard.

We conclude that the District Court did not abuse its discretion in determining the dates on which the modified child support payments would begin.

4. Did the District Court abuse its discretion in denying Bobbi Jo's request to grant her the child-related tax exemptions?

In the event of visitation by the end of 1996, the District Court set child support at $418 per month and left the tax exemptions relating to the minor children with Klas. Bobbi Jo argues that the court erred in doing so.

As discussed above, the District Court found that the "parties agree that the level of support to be paid by Klas would increase from the existing $350 per month . . . to $396 per month if Bobbie [sic] Jo is granted the exemptions and to $418 per month if the dependent exemptions remain with Klas." Bobbi Jo did not challenge that finding and we concluded above that the finding is not clearly erroneous. Bobbi Jo having agreed to increased support amounts corresponding to which party was granted the tax exemptions, and the District Court having acted on that agreement, Bobbi Jo cannot now be heard to argue for the larger child support amount **and** allocation of the tax exemptions to her. We will not put the trial court in error for an action in which Bobbi Jo participated and acquiesced. *See* Hando v. PPG Industries, Inc. (1995), 272 Mont. 146, 150, 900 P.2d 281, 283 (citation omitted).

10

We conclude that the District Court did not abuse its discretion in denying Bobbi Jo's request that she be granted the child-related tax exemptions.

5. Did the District Court err in denying Bobbi Jo attorney fees as the prevailing party?

The District Court concluded that, in the event visitation occurred before the end of 1996, child support would increase to $418 per month, Klas would retain the tax exemptions and neither party would be the prevailing party for purposes of an award of attorney fees. Bobbi Jo contends that the District Court erred in denying her attorney fees when the Agreement and decree required an award of reasonable attorney fees to the "prevailing party" in any action to modify. We disagree.

An award of attorney fees in a family law case is generally within the district court's discretion. In re Marriage of Caras (1994), 263 Mont. 377, 385, 868 P.2d 615, 620. Where an agreement clearly provides for attorney fees to the prevailing party, however, the district court is bound by its terms. Doig v. Cascaddan (Mont. 1997), 935 P.2d 268, 272, 54 St.Rep. 263, 266 (citation omitted). The court's determination regarding the prevailing party is a conclusion of law and we review conclusions of law to determine whether the interpretation of the law is correct. *Doig*, 935 P.2d at 272 (citation omitted).

No single factor is dispositive on the question of which party is the prevailing party. *Doig*, 935 P.2d at 272 (citation omitted). In the present case, the relief requested, the showing necessary to warrant the requested relief, and the relief granted are appropriate

11

considerations in determining whether the District Court erred in concluding that neither party was the prevailing party.

Bobbi Jo's motion to modify child support sought 1) a determination that, pursuant to § 40-4-208(2)(b)(i), MCA, substantial and continuing changed circumstances made the existing child support terms unconscionable; 2) a resulting increase in child support to approximately $423 per month, the amount she estimated would be required under the Uniform Child Support Guidelines; and 3) reallocation of the tax exemptions to her. The District Court did not make the requisite determination of unconscionability, did increase child support to the approximate amount Bobbi Jo had requested, and refused to reallocate the tax exemptions to Bobbi Jo. Thus, while Bobbi Jo received an increase in child support, she did not make the showing required by § 40-4-208(2)(b)(i), MCA; nor did she prevail on her request for the child-related tax exemptions.

Bobbi Jo cites to no authority under which, in circumstances similar to these, she is the "prevailing party" as a matter of law. Indeed, most of her arguments relate to discretionary awards of attorney fees under § 40-4-110, MCA, and our cases interpreting that statute. In this regard, we need observe only that Bobbi Jo's request for attorney fees was premised on the Agreement and decree, rather than on § 40-4-110, MCA, and, therefore, the statute and cases thereunder on which Bobbi Jo relies have no application here.

On the basis of the totality of the considerations discussed above, we hold that the District Court did not err in concluding that neither party was the prevailing party and, on

12

that basis, in refusing to award Bobbi Jo attorney fees as the prevailing party under the Agreement and decree.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

13

September 8, 1997

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

KERRY N. NEWCOMER, ESQ.
GEISZLER & NEWCOMER
619 SW HIGGINS SUITE K
MISSOULA MT 59803

HOWARD TOOLE
ATTORNEY AT LAW
126 EAST BROADWAY SUITE 25
MISSOULA MT 59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy