No. 02-454

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 86N

KATHY MARTINEZ and LAURIE MATHIS,
Co-Personal Representatives of the Estate of
CAROL ASBURY,

　　　　　Plaintiffs and Appellants,

　　v.

KELSIE D. WORKMAN,

　　　　　Defendant and  Respondent.

APPEAL FROM:　　District Court of the Eighth Judicial District,
　　　　　　　　In and For the County of Cascade, Cause No. ADV 2001-003,
　　　　　　　　Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

　　　　　For Appellants:

　　　　　　　　John E. Seidlitz, Jr., Seidlitz Law Office, Great Falls, Montana

　　　　　For Respondent:

　　　　　　　　William J. Gregoire,  Smith, Walsh, Clarke  and Gregoire,
　　　　　　　　Great Falls, Montana

　　　　　　　　　　　　　　　　Submitted on Briefs:  February 27, 2003

　　　　　　　　　　　　　　　　　　　　Decided:  April 21, 2003

Filed:

　　　　　_____
　　　　　　　　　　　　Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Kathy Martinez and Laurie Mathis (collectively, Appellants) appeal from the judgment entered by the Eighth Judicial District Court, Cascade County, on the jury verdict finding in favor of Kelsie D. Workman (Workman) in their wrongful death action. We affirm.

¶3 The issue on appeal is whether the District Court abused its discretion in denying the Appellants' motion for a new trial.

## BACKGROUND

¶4 This case arose from an automobile accident which occurred on October 14, 2000, in Great Falls, Montana. Carol Asbury (Asbury), a pedestrian, was struck by a vehicle driven by Workman. Asbury died as a result of the accident. The Appellants, Asbury's sisters and co-personal representatives of her estate, subsequently filed a complaint in the District Court requesting damages based on allegations that Workman was negligent and that her negligence caused the accident. Workman answered the complaint, denying the allegations that she was negligent and asserting that the accident was caused by Asbury's own negligence.

2

¶5 The case was tried to a jury in April of 2002, resulting in a verdict in favor of Workman. The Appellants subsequently moved the District Court for a new trial pursuant to Rule 59, M.R.Civ.P., arguing that Workman's counsel improperly suggested during closing argument that the jury apportion liability to a nonparty defendant and failed to disclose material facts during the discovery phase of the proceeding. The District Court did not rule on the motion and it was deemed denied pursuant to Rule 59(d), M.R.Civ.P. Judgment was entered on the jury verdict and Appellants appeal.

## STANDARD OF REVIEW

¶6 The decision to grant or deny a Rule 59, M.R.Civ.P., motion for a new trial is within the sound discretion of the trial court and will not be disturbed absent a showing of manifest abuse of that discretion. Lopez v. Josephson, 2001 MT 133, ¶ 16, 305 Mont. 446, ¶ 16, 30 P.3d 326, ¶ 16. "The standard requires that the abuse of discretion be so significant as to materially affect the substantial rights of the complaining party." Lopez, ¶ 16 (citation omitted).

## DISCUSSION

¶7 Did the District Court abuse its discretion in denying the Appellants' motion for a new trial?

¶8 At trial, Workman called F. Denman Lee (Lee), an accident reconstruction expert, to testify regarding the speed of the vehicle and other circumstances of the accident. On cross-examination, the Appellants' counsel asked Lee how he determined the speed of the vehicle. Lee responded that part of his determination involved taking the vehicle for a test drive. Lee

3

also stated that he did not perform a skid test with the vehicle during the test drive because the brakes tended to pull the vehicle to the left at speeds over 35 miles per hour and he felt it might be unsafe. The Appellants' counsel briefly questioned Lee further about the condition of the brakes. Then, during his closing argument, the Appellants' counsel referred to the possibility of the vehicle's brakes being defective and stated that perhaps this was a contributing factor in the accident. In response to the Appellants' closing argument, Workman's counsel made the following statement during his closing argument:

> One other thing I want to take care of right now. There is now apparently some deal about the brakes. Denny Lee said, when I was driving it around, I didn't have a problem with it. But when I tried to do a friction test, it started pulling on me. And I thought, I'm not going to do it. It would be dangerous for me to do that. The person that has to maintain the car is not the driver of the car. They sued the wrong person. The owner is Gene Schumaker. That's a dead issue.

¶9 The Appellants did not object to this statement at the time it was made. After the trial concluded, however, they moved the District Court for a new trial, arguing that Workman's counsel made improper comments during closing arguments by referring to the possibility that the vehicle driven by Workman had defective brakes and encouraging the jury to find that, if the brakes were defective, the owner of the vehicle--who was not a defendant in the case--was at fault. The motion was deemed denied by operation of law and the Appellants contend this constituted an abuse of the District Court's discretion. They observe that, during the pretrial phase of the proceeding and in the pretrial order, Workman did not allege the vehicle had any mechanical defects which may have contributed to, nor did she assert that any nonparty was responsible for, the accident. Consequently, according to the

4

Appellants, Workman's counsel's comments during closing argument were improper and prevented them from receiving a fair trial.

¶10 It is well-established that we will not put a district court in error for a procedure in which an appellant acquiesced or participated, or to which the appellant made no objection. See, e.g., Garrison v. Averill (1997), 282 Mont. 508, 514, 938 P.2d 702, 706; State ex rel. Ins. Fund v. Berg (1996), 279 Mont. 161, 174, 927 P.2d 975, 983. Yet that is precisely what the Appellants are attempting to do here. They did not object to the allegedly improper comments at the time Workman's counsel made them. Moreover, it was the Appellants who raised the possibility of the vehicle's brakes being defective by questioning Lee about it on cross-examination and referring to it during their initial closing argument. Thus, the statements made in Workman's closing argument were in response to an issue already raised by the Appellants. In other words, the Appellants opened the door to the issue of whether the brakes were defective and cannot now assert error on that basis. See, e.g., Hando v. PPG Industries, Inc. (1995), 272 Mont. 146, 150, 900 P.2d 281, 283.

¶11 The Appellants also argue that a new trial is warranted because Workman withheld material facts during the discovery phase of the proceeding. In pretrial discovery responses, Workman maintained that the vehicle she was driving at the time of the accident had no mechanical defects which contributed to the accident. According to the Appellants, however, Workman must have been aware the brakes possibly were defective when Lee examined the vehicle shortly after the accident. The Appellants contend that Workman's withholding the information regarding the defective brakes during pretrial discovery and then

5

placing that evidence at issue in the trial prevented them from receiving a fair trial. The problem with this argument is that it was not Workman who raised this issue at trial. As stated above, the reference to the possibly defective brakes occurred during the Appellants' cross-examination of Lee and it was Appellants' counsel who first asserted during closing argument that the brakes may have been a factor in the accident. Workman's only reference to the brakes occurred during her closing argument and only in response to the Appellants' argument. At all other times she maintained that the accident was caused by Asbury's own negligence. Again, we will not put a trial court in error for a procedure in which the appellant acquiesced or participated. See Garrison, 282 Mont. at 514, 938 P.2d at 706; Berg, 279 Mont. at 174, 927 P.2d at 983. Here, the Appellants not only participated in the alleged error, they instigated it.

¶12 We conclude the Appellants have failed to establish that any improper action by Workman prevented them from receiving a fair trial. We hold, therefore, that the District Court did not abuse its discretion in denying the Appellants' motion for a new trial.

¶13 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE

6