FILED

06/23/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0576

DA 19-0576

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 166N

IN RE THE MARRIAGE OF

STRATIS SYLVYN,

      Petitioner and Appellant,

  and

CAMEO SCHERI HOWARD-SYLVYN,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                  In and For the County of Yellowstone, Cause No. DR 17-0472
                  Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Stratis Sylvyn, Self-Represented, Joliet, Montana

      For Appellee:

           Robert J. Waller, Attorney at Law, PLLC, Billings, Montana

Submitted on Briefs:  April 29, 2020

Decided:  June 23, 2020

Filed:

                                  _____
                                       Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Stratis Sylvyn ("Stratis") appeals pro se from an order of the Thirteenth Judicial District Court, Yellowstone County, ordering the dissolution of marriage between Stratis and Cameo Scheri Howard-Sylvyn ("Cameo"), the equitable division of marital property, child support, and a final parenting plan. We affirm.

¶3    On May 2, 2017, Stratis filed a pro se petition for dissolution of marriage, parenting plan, and child support order. It is undisputed that the parties' marriage is irretrievably broken. While together, the parties had four children: A.S., age 19, C.S., age 15, R.S., age 13, and K.S., age 11. On August 17, 2017, a Stipulated Interim Parenting Plan was issued providing that the children were to reside primarily with Cameo, while allowing Stratis one weekend between the Interim Plan and the District Court's subsequent order following a hearing on August 28, 2017.

¶4    During the August 28, 2017 hearing, the District Court interviewed the parties' two older children in chambers and heard testimony from Stratis and witnesses. Following this hearing, the court ordered a parenting plan study and issued an oral order stating the children would reside primarily with Cameo, and Stratis would have no

2

contact with the children until further order of the court. On November 13, 2017, after holding meetings between the court and counsel, the court issued another oral order providing that the children were to reside exclusively with Cameo, Stratis was to only have telephone contact with the two younger children, both parties were to get psychological evaluations with Dr. Donna Veraldi, child support was fixed at $1,200 per month beginning May 1, 2017, as agreed to by the parties, and the proceeds from the sale of the parties' home were to be held in escrow. On January 5, 2018, the District Court issued a written order consistent with its November 2017 oral order.

¶5 On June 1, 2018, in accordance with Dr. Veraldi's recommendation, the court appointed Tylene Merkel to conduct family reunification therapy. After approximately 60 days, however, Merkel withdrew as reunification counselor due to apparent problems with Stratis. On January 22, 2019, the District Court then appointed Mary Penberthy-Macki, and on March 11, 2019, issued an Order for Therapy, stating that neither parent was to attempt to fire Penberthy-Macki without court approval and neither party was to make any complaint against her license or any attack on her professional reputation. On July 6, 2019, Stratis delivered a letter to Penberthy-Macki impugning her ethical conduct. Penberthy-Macki then sent a letter to the court and counsel resigning as the reunification therapist for the family. Stratis requested a new therapist. The District Court concluded that granting such request would not be productive and would require many more months, if not years, without resolution. The court concluded that Stratis

must address his own issues, as outlined in Dr. Veraldi's report, with his own counselor before reconciliation counseling will have any chance of succeeding.

¶6 On September 4, 2019, the District Court issued its Findings of Fact, Conclusions of Law and Final Decree of Dissolution of Marriage. The Final Order contained a final parenting plan, child support order, and division of the marital assets. Regarding the parenting plan, the court concluded that visits between Stratis and the two younger children shall be supervised by Family Works for Kids, and Stratis shall pay all costs associated with the visits. The District Court found that phone calls between Stratis and the children have been sporadic and unproductive and should be discontinued. The court further concluded Stratis's contact with the two older children shall be as mutually agreed between Stratis and the child. The District Court continued child support at $1,200 per month.

¶7 Regarding the equitable division of marital assets, the court found that the marital estate had largely been divided except for some personal items, Cameo's retirement accounts, and the sale proceeds of the parties' home. Cameo had two retirement accounts, one with Wells Fargo that was a premarital asset and one through Kaiser Permanente. The Kaiser Permanente account ($20,203.24) had both pre-marital and marital components since Cameo began working at Kaiser in 1996 and the parties married in 2000; Cameo's employment ended in 2003. The District Court awarded Cameo the entire account after finding Stratis's interest in the account was more than offset by the business assets and personalty he received, which included all of the tools

4

and other property associated with his business, the majority of the parties' household goods and personal property, and the parties' 2010 Ford pickup.

¶8 The sale proceeds from the parties' home totaled $83,122.72. The court divided the proceeds accordingly: (1) $28,700 was attributed to Stratis but given to Cameo since this was the amount of back child support owed to Cameo and paying her that amount allowed Stratis to discharge his legal obligation to pay overdue child support; (2) $9,727.24 to Cameo to offset a judgment lien for Stratis's unpaid employees since such payment benefitted Stratis and his business; (3) $10,332 to Cameo to offset the money the court awarded to Stratis to pay for his moving expenses; (4) $3,750 to Penberthy-Macki for her counseling services; (5) $6,350 to Kevin T. Sweeney, former co-counsel for Stratis, to satisfy a Notice of Attorney Lien; and (6) $24,263.48—the remaining balance of the house proceeds—to Cameo for future child support payments. The court awarded future child support payments based on evidence that Stratis had not made one full child support payment on a voluntary basis since the case was filed. The court concluded that it was reasonable to believe Stratis's unwillingness to pay child support would continue into the future and that by awarding the additional cash to Cameo, the children were assured of being supported for the next twenty months. Finally, the court concluded that there was no joint debt between the parties and provided that each party was solely responsible for payment of any debt incurred in their own names.

5

¶9     District courts have broad discretion to make parenting plan determinations under the applicable standards of § 40-4-212, MCA, and we accord a trial court considerable discretion in child custody matters. *Bessette v. Bessette*, 2019 MT 35, ¶ 13, 394 Mont. 262, 434 P.3d 894; *In re Marriage of Klatt*, 2013 MT 17, ¶ 13, 368 Mont. 290, 294 P.3d 391.   Parenting plan determinations are reviewed for a clear abuse of discretion. *Bessette*, ¶ 13.   Unless there is a clear abuse of discretion, the district court's custody decision will not be overturned on appeal, as the trial court's decision is to be accorded great deference because it is in a better position than this Court to resolve child custody issues. *Malcolm v. Malcolm*, 196 Mont. 477, 478, 640 P.2d 450, 451 (1982); *In re Klatt*, ¶ 13.

¶10     Essentially, Stratis argues that the parenting plan should be vacated and the case remanded for entry of a new or modified parenting plan because the District Court did not enter sufficient findings of fact and conclusions of law to justify its decision.[1] Amendment of a parenting plan is not justified unless the court also finds "that the amendment is necessary to serve the best interest of the child." Section 40-4-219(1), MCA.   We have reviewed the record of the hearings of August 28 and November 13, 2017, and the District Court's written orders of January 5, 2018, and September 4, 2019.

---

[1]  For the first time on appeal, Stratis contends the District Court erred in dividing the marital assets, determining the child support calculations, and considering his parental or the children's rights as guaranteed by the United States and Montana Constitutions.  To preserve a claim or objection for appeal, an appellant must first raise that specific claim or objection in the district court.  *In re T.E.*, 2002 MT 195, ¶ 20, 311 Mont. 148, 54 P.3d 38. Stratis failed to raise a constitutional question in the District Court.  Accordingly, we decline to address it here.

6

We conclude that the District Court's oral findings of fact combined with its written order set forth the essential and determining facts to support its conclusions.

¶11 The District Court followed the procedural requirements pursuant to governing statutes of Title 40, chapter 4, part 2, MCA. The proceedings on this issue lasted for over two and a half years, contained 153 court documents, and several orders for therapy with the purpose of reunifying the family. Over the course of the proceedings, several briefs were filed by the parties, multiple hearings were held, and significant evidence was submitted to the court. Four separate attorneys provided representation to Stratis during the proceedings. The District Court afforded Stratis ample opportunity to demonstrate his ability to maintain a healthy parent-child relationship with his children.

¶12 Stratis failed to complete reconciliation counseling as directed by the District Court. The counseling failed with two separate counselors because of Stratis's actions. According to the counselors, Dr. Veraldi's psychological evaluation, and an affidavit from A.S., reconciliation counseling will not be successful until Stratis first obtains personal counseling. The District Court has provided Stratis with ample opportunity to modify the parenting plan and achieve reconciliation. Further, the District Court has afforded Stratis another opportunity to overcome his personal issues and achieve reconciliation and reunification with his children, concluding in its final order: "When Stratis is able to present evidence from his counselor demonstrating that he has successfully dealt with his personal issues, the Court will consider ordering another round of reconciliation counseling." In issuing the final parenting plan, the District Court

clearly considered the factors in § 40-4-212, MCA, including the children's emotional and mental health, their relationship to both parties, the wishes of the children, the mental health of Stratis, and Stratis's failure to pay child support.[2]  Accordingly, the District Court did not abuse its discretion in issuing its final parenting plan.

¶13    Regarding the equitable division of the marital assets, the District Court relied on substantial evidence and did not abuse its discretion in dividing the assets.  *See Holtz v. Deisz*, 2003 MT 132, ¶ 15, 316 Mont. 77, 68 P.3d 828 (concluding "[i]t is within the province of the trier of fact to weigh conflicting evidence, and a reviewing court will not substitute its own judgment for that of the factfinder on such matters").  The court clearly considered the factors set forth in § 40-4-202(1), MCA, and adequately explained its reasons for its distribution.  Concerning Stratis's child support contention, he had verbally stipulated to paying $1,200 per month, and the District Court recorded his stipulation in its January 5, 2018 Interim Child Support Order.  While Stratis asserts his income is now reduced, he failed to produce evidence supporting his claim.

¶14    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

---

[2] While Stratis takes issue with the court's in-chamber interview, § 40-4-214, MCA, allows the court to interview children in chambers.  *See In re M.L.H.*, 220 Mont. 288, 291-93, 715 P.2d 32, 34-35 (1986) (concluding "it is often important for the judge to discover the attitudes and wishes of the child" via an in chambers interview).

8

¶15    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ DIRK M. SANDEFUR
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA