# IN RE THE MARRIAGE OF
# KEVIN P. VANLAARHOVEN,
## Petitioner and Appellant,
## and
# TINA L. VANLAARHOVEN,
## Respondent and Respondent.

No. 01-821.
Submitted on Briefs April 4, 2002.
Decided October 1, 2002.
2002 MT 222.
311 Mont. 368.
55 P.3d 942.

For Appellant: **Kevin T. Sweeney**, Sweeney & Healow, Billings.
For Respondent: **Lee Rindal**, Rindal Law Firm, Billings.

JUSTICE REGNIER delivered the Opinion of the Court.

¶1 Appellant Kevin Vanlaarhoven filed a petition for dissolution and proposed parenting plan in the Thirteenth Judicial District Court, Yellowstone County. Upon motion by Respondent Tina Vanlaarhoven, the District Court dismissed Kevin's petition for lack of jurisdiction. Kevin appeals from the District Court's order of dismissal. We reverse and remand.

¶2 The sole issue on appeal is whether the District Court erred when it dismissed Kevin's petition for dissolution.

## BACKGROUND

¶3 On August 10, 1996, Kevin and Tina were married in Billings,

Montana. The parties have four minor children. Throughout the marriage, the parties experienced difficulties in the relationship. Tina filed a petition for dissolution in approximately August of 2000 but later dismissed it in an effort toward reconciliation. A few months later, Kevin was charged with partner or family member assault for an incident which allegedly occurred on August 11, 2000.

¶4 On March 18, 2001, Tina and the four children left Kevin and moved to LeGrande, Oregon. Pursuant to a petition filed by Tina, the Union County Circuit Court in Oregon, on June 29, 2001, determined that it had temporary emergency jurisdiction over the parties' minor children, entered a restraining order against Kevin, and awarded Tina residential custody of the children.

¶5 On August 23, 2001, Kevin filed a petition for dissolution and proposed parenting plan in the District Court. The District Court ordered Tina to show cause, at a hearing scheduled for September 19, 2001, why it should not adopt Kevin's proposed parenting plan. On September 14, 2001, Tina filed a motion to vacate the show cause hearing and dismiss Kevin's petition for dissolution. Tina's motion primarily argued that the District Court lacked jurisdiction over the matter as "[t]he Oregon court has already determined that it has temporary emergency jurisdiction of the children."

¶6 Before Kevin had an opportunity to respond to Tina's motion, the District Court, on September 17, 2001, vacated the show cause hearing and dismissed Kevin's petition for dissolution without explanation. On October 10, 2001, Kevin filed a notice of appeal from the District Court's order of dismissal.

## STANDARD OF REVIEW

¶7 We review a district court's grant of a motion to dismiss to determine whether the court abused its discretion. *In re McGurran*, 1999 MT 192, ¶ 7, 295 Mont. 357, ¶ 7, 983 P.2d 968, ¶ 7. However, a district court's determination that it lacks jurisdiction over a matter is a conclusion of law which we review to determine whether the district court's interpretation of the law is correct. *McGurran*, ¶ 7.

## DISCUSSION

¶8 Did the District Court err when it dismissed Kevin's petition for dissolution?

¶9 Kevin asserts that the District Court "was confused over the matter of subject matter jurisdiction of custody, as compared to subject matter jurisdiction over the divorce action entirely." Kevin contends

that, at the time he filed his petition, Montana retained sole jurisdiction over the dissolution matter. As for the parenting issues, Kevin recognizes that Oregon asserted temporary emergency jurisdiction over the children. However, Kevin insists that this exercise of jurisdiction did not automatically prohibit Montana courts from entertaining parenting proceedings. Kevin claims that Montana has enacted a statutory procedure for courts to follow in situations such as this, discussed in greater detail below, which the District Court wholly ignored.

¶10 The District Court's order contains no explanation as to why it granted Tina's motion. The order of dismissal simply states that it granted the motion for "good cause appearing." We presume that the District Court dismissed the petition for the reasons set forth in Tina's motion, lack of jurisdiction and inconvenient forum, and will proceed with our analysis accordingly.

¶11 Tina insists that the District Court did not have jurisdiction over the minor children, and, therefore, argues by implication that the District Court lacked jurisdiction over the dissolution. Tina also asserts "that the State of Montana, if it claims jurisdiction over the petition for dissolution, is an inconvenient forum as she and the minor children became Oregon residents when they moved to LeGrande, Oregon on or around March 18, 2001, and Oregon exercised jurisdiction of the minor children in June 2001."

¶12 To simply assert that the District Court lacks "jurisdiction" over the matter does not accurately depict the twofold jurisdictional inquiry necessitated by this case. This case presents questions of jurisdiction over dissolution and parenting issues. However, the two analyses appear to have been intermingled in the District Court. The District Court should have addressed the following two inquiries: (1) Did it have jurisdiction over the dissolution proceeding?; and (2) Did it have jurisdiction over the parenting issues implicated by the petition for dissolution? We will proceed to analyze each issue in turn.

¶13 ▮▮▮ Section 40-4-104(1), MCA, provides in pertinent part:

The district court shall enter a decree of dissolution of marriage if:

(a) the court finds that one of the parties, at the time the action was commenced, was domiciled in this state ... and that the domicile ... has been maintained for 90 days preceding the making of the findings.

As indicated above, Kevin filed the petition for dissolution on August 23, 2001. No concurrent jurisdiction issue existed during the

dissolution proceedings as neither of the parties had commenced any other dissolution proceedings at that time. Further, Tina does not dispute that Kevin resided in Montana for the ninety days preceding August 23, 2001. Therefore, Kevin has satisfied the jurisdictional requirements of § 40-4-104(1)(a), MCA. Accordingly, the District Court erred when it concluded that it did not have jurisdiction over the parties' dissolution. However, jurisdiction over a dissolution of marriage does not necessarily confer jurisdiction over child custody issues involved therein. *In re Marriage of Oltersdorf* (1992), 256 Mont. 96, 98, 844 P.2d 778, 779. As such, we must now turn our attention to whether the District Court had jurisdiction over the parenting issues raised in the petition for dissolution.

¶14 The provisions of the Uniform Child Custody Jurisdiction Act (UCCJA), §§ 40-7-101 through 40-7-317, MCA, govern all child custody actions brought before the courts of Montana in which there is potential for jurisdictional conflict between multiple states. *In re Custody of N.G.H.*, 1998 MT 212, ¶ 10, 290 Mont. 426, ¶ 10, 963 P.2d 1275, ¶ 10. Here, the parties agree that there is potential for jurisdictional conflict between Montana and Oregon over the parenting issues as Oregon exercised temporary emergency jurisdiction over the parties' children. Therefore, the UCCJA governs the jurisdictional analysis.

¶15 Section 40-7-201(1)(a), MCA, provides:

> Except as otherwise provided in 40-7-204, a court of this state has jurisdiction to make an initial child custody determination only if this state is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

The exception in the above statute refers to Montana's temporary emergency jurisdiction provision. As indicated above, the Oregon court entered a parenting order pursuant to its temporary emergency jurisdiction provision which is identical to § 40-7-204, MCA. *See* Or. Rev. Stat. § 109.751 (2001). In circumstances such as this, where one jurisdiction has exercised temporary emergency jurisdiction to address child custody issues and another jurisdiction is subsequently or simultaneously asked to adjudicate the same custodial issues, § 40-7-204(4), MCA, provides:

> A court of this state that has been asked to make a child custody determination under this section, upon being informed

that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of a state having jurisdiction under 40-7-201 through 40-7-203, shall immediately communicate with the other court. A court of this state that is exercising jurisdiction pursuant to 40-7-201 through 40-7-203, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of another state under a statute similar to this section, shall immediately communicate with the court of that state. The purpose of the communication is to resolve the emergency, to protect the safety of the parties and the child, and to determine a period for the duration of the temporary order.

¶16 ▮ Clearly, pursuant to § 40-7-204(4), MCA, Oregon's exercise of temporary emergency jurisdiction over the parties' children did not automatically divest the District Court of jurisdiction over the same parenting issues. Section 40-7-204(4), MCA, requires that a subsequent jurisdiction initiate communications with the preceding jurisdiction upon learning of the emergency proceedings. Although Kevin did not inform the District Court of the Oregon proceedings in his petition for dissolution or proposed parenting plan, Tina did notify the District Court of such proceedings in her motion to dismiss the petition. At that point, the District Court was obligated to contact the Union County Circuit Court in Oregon in regard to the potential jurisdictional conflict. The record reveals no indication that the District Court undertook such action. Therefore, to the extent the District Court declined to address the parenting issues in Kevin's petition because Oregon "has already exercised jurisdiction of the minor children," it is reversed and remanded for proceedings in accordance with § 40-7-204(4), MCA.

¶17 In the alternative, Tina argues that if the District Court had jurisdiction to make parenting determinations, it properly declined to exercise jurisdiction because Oregon is the more appropriate forum. In support of this proposition Tina references the children's current residential arrangements, their enrollment in Oregon schools, and their proximity to extended family in Oregon. Tina also contends that the alleged domestic violence which occurred in August of 2000 should strongly mitigate against entertaining dissolution proceedings in Montana.

¶18 Section 40-7-108, MCA, provides:

> **Inconvenient forum.** (1) A court of this state that has jurisdiction under this chapter to make a child custody

determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon the court's own motion, request of another court, or motion of a party.

(2) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate that a court of another state exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors ....

The provision proceeds to list several factors for courts to consider in their deliberations.

¶19 ■ On September 14, 2001, Tina did raise the inconvenient forum issue in her motion to dismiss Kevin's petition. The District Court granted Tina's motion on September 17, 2001, without giving Kevin an opportunity to respond to the motion. Section 40-7-108, MCA, clearly provides that "the court shall allow the parties to submit information" on inconvenient forum issues. Only after entertaining argument from the parties on the allegedly relevant factors should a district court make its "inconvenient forum" determination. Accordingly, to the extent the District Court dismissed Kevin's petition on inconvenient forum grounds, without providing him with an opportunity to submit argument, it is reversed.

¶20 On appeal, Tina also maintains that Kevin's petition failed to comply with the procedural requirements of § 40-4-105(1), MCA, and, therefore, rendered the petition void ab initio. However, Tina did not present this argument to the District Court in her motion to dismiss. Therefore, we will not address this issue on appeal.

¶21 In summary, to the extent the District Court concluded that it lacked subject matter jurisdiction over the dissolution, it is reversed. As for its jurisdiction over the parenting issues, we reverse the District Court's dismissal and remand the matter for proceedings consistent with §§ 40-7-108 and 40-7-204(4), MCA.

CHIEF JUSTICE GRAY, JUSTICES NELSON, COTTER, TRIEWEILER, LEAPHART and RICE concur.