No. 03-121

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 242

IN RE THE MARRIAGE OF

JENNIFER FONTENOT,

       Petitioner and Appellant,

   and

JACOB RYAN FONTENOT,

       Respondent and Respondent.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and for the County of Cascade, Cause No. ADR-2002-556,
                Honorable Thomas M. McKittrick, Judge Presiding

COUNSEL OF RECORD:

       For Appellant:

              Gary M. Zadick, Ugrin, Alexander, Zadick & Higgins, Great Falls, Montana

       For Respondent:

              Barbara E. Bell, Bell & Marra, PLLC, Great Falls, Montana

                    Submitted on Briefs:  July 3, 2003

                             Decided:  September 11, 2003

Filed:

                               Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Jennifer Fontenot appeals from an order of the Eighth Judicial District Court, Cascade County, concluding it is in the best interest of the parties' son that jurisdiction of this matter be transferred to the Louisiana Thirteenth Judicial District Court, Evangeline Parish, Louisiana. We reverse and remand.

¶2 The restated issues on appeal are:

¶3 1. Did the District Court err in transferring custody jurisdiction to a Louisiana court based on the interest of the minor child?

¶4 2. Did the District Court err in failing to address Jennifer Fontenot's motion under the Uniform Child Custody Jurisdiction and Enforcement Act?

¶5 In November of 2002, Jennifer Fontenot petitioned the District Court to dissolve her marriage to Jacob Ryan Fontenot. Jennifer's petition stated she and Jacob had been married in Great Falls, Montana, in 2001, and had one son, Wyatt. She stated Wyatt was living with her in Great Falls while Jacob was stationed with the United States Air Force in Louisiana. Jennifer asked the court to grant a dissolution, divide the personal property, and adopt a parenting plan under which Wyatt would live primarily with her.

¶6 In January of 2003, Jacob filed a response stating that Wyatt had been in his custody in Louisiana since December of 2002, he had filed a petition for dissolution of marriage in Louisiana in December of 2002, and the Louisiana court had issued an emergency order giving Jacob sole custody of Wyatt. Jacob also moved to dismiss Jennifer's petition on the

2

basis that, under the Uniform Child Custody Jurisdiction Act (UCCJA), Louisiana had custody jurisdiction of Wyatt.

¶7 Jennifer immediately moved the District Court for a determination under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) that (1) the District Court has jurisdiction over this child custody matter because Montana is Wyatt's home state; and (2) Montana is the more appropriate and convenient forum in which to determine custody issues. She also asked the court to hold an immediate hearing on these matters.

¶8 Without holding a hearing, the District Court entered the following order dated February 11, 2003:

> Pursuant to the conference between this Court and the Honorable J. Larry Vidrine on February 11, 2003, both Courts have concluded that it is in the best interest of the child that jurisdiction is with the 13th Judicial District in Zille Platte, Louisiana.
>
> THEREFORE, IT IS HEREBY ORDERED that jurisdiction in this matter is transferred to the Louisiana 13th Judicial District Court, Evangeline Parrish [sic], Louisiana.

Jennifer appeals.

STANDARD OF REVIEW

¶9 On February 18, 2003, just days after the District Court's order, we issued our opinion in *Stoneman v. Drollinger*, 2003 MT 25, 314 Mont. 139, 64 P.3d 997. In that opinion, we traced the history of the various federal and uniform state statutes which had been adopted in recent years to address problems raised by interstate child custody disputes. *See Stoneman*, ¶¶ 11-16. Thereafter, we addressed the issue of first impression presented, which

3

involved the provisions of the UCCJEA that permit a district court in Montana to decline to exercise jurisdiction when it determines it is an inconvenient forum. *Stoneman*, ¶¶ 17-41. As noted above, the District Court in the present case did not have the benefit of *Stoneman* when it entered its order transferring custody to the Louisiana court.

¶10 As outlined in *Stoneman*, ¶¶ 12-14, the 1999 Montana Legislature adopted the UCCJEA to take the place of the UCCJA, which had been in effect in Montana since 1977. Under the UCCJEA, a Montana court has jurisdiction to make a child custody determination if Montana is the "home state" of the child. Section 40-7-201, MCA. As the "home state" of a child, Montana will continue to have exclusive, continuing jurisdiction unless a Montana court declines to exercise its jurisdiction. Section 40-7-202(2), MCA. A court may decline to exercise its jurisdiction at any time if the court determines it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum to make the child custody determination. Section 40-1-108(1), MCA.

¶11 Our standard of review of a decision on a motion to decline jurisdiction is whether the district court abused its discretion. *Stoneman,* ¶ 10 (citations omitted).

### DISCUSSION

¶12 1. Did the District Court err in transferring custody jurisdiction to a Louisiana court based on the interest of the minor child?

¶13 The sole reason the District Court gave for its transfer of jurisdiction is that it is in "the best interest of the child" that jurisdiction be with the Louisiana court. Jennifer

4

correctly points out this is not the proper standard for such a determination under the UCCJEA.

¶14 The UCCJA incorporates an "interest of the child" standard in a district court's determination of whether to waive jurisdiction on the basis that the court is an inconvenient forum. *See* § 40-7-108(3), MCA (1997). Montana's former UCCJA statutes set forth "interest of the child" as the standard in the inconvenient forum provision and then listed specific matters which the court "may" take into account in determining the "interest of the child." *See* § 40-7-108(3), MCA (1997).

¶15 The interest of the child standard, *per se*, was eliminated from inconvenient forum provisions, however, when Montana enacted the UCCJEA in 1999. *See* § 40-7-108, MCA; *Stoneman*, ¶ 18. Section 40-7-108, MCA, now provides that a Montana court with jurisdiction over a child custody matter may decline to exercise its jurisdiction if the court determines it is an inconvenient forum under the circumstances and a court of another state is a more appropriate forum based on various factors. The court "shall allow the parties to submit information" on certain factors, including whether domestic violence has occurred, the length of time the child has resided outside Montana, the distance between the Montana court and the court in the state that would assume jurisdiction, the relative financial circumstances of the parties, any agreement of the parties as to which state shall assume jurisdiction, the nature and location of the evidence regarding the issues, the ability of the court of each state to decide the issue expeditiously, and the familiarity of the court of each state with the facts and issues. Section 40-7-108(2), MCA.

5

¶16    We hold that the District Court erred when it relied on an "interest of the child" standard in its determination regarding jurisdiction.

¶17    2.   Did the District Court err in failing to address Jennifer Fontenot's motion under the UCCJEA?

¶18    Jennifer moved for determination that the District Court has jurisdiction over this child custody matter because Montana is Wyatt's home state and Montana is the more appropriate and convenient forum in which to determine custody issues. The facts set forth in Jennifer's petition for dissolution indicate the District Court had jurisdiction under § 40-7-201(1)(a), MCA, because Montana was Wyatt's home state on the date Jennifer filed her petition and, while Wyatt was absent from Montana at a later time, Jennifer continued to live here.  Therefore, on the face of it, the Montana District Court has jurisdiction.

¶19    Jacob relies on § 40-7-107(2), MCA, in claiming that no hearing or input from the parties was required before the District Court communicated with the Louisiana court regarding jurisdiction. Section 40-7-107, MCA, addresses simultaneous custody proceedings in Montana and another state.  Section 40-7-107(2), MCA, specifically excludes from its provisions temporary emergency jurisdiction proceedings under § 40-7-204, MCA.  The copy of the Louisiana court's order appended to Jacob's brief indicates the Louisiana court took jurisdiction based on its determination that an emergency situation existed.

¶20    In addition, the copy of the Louisiana court's judgment references the UCCJA as the controlling law in that court.  The provision upon which Jacob relies refers to "a court of another state having jurisdiction substantially in accordance with this chapter."  *See* § 40-7-

6

107(2), MCA. As indicated above, the UCCJA is dissimilar to the UCCJEA in critical respects. Because the Louisiana court is not operating under the UCCJEA, we conclude the Louisiana court could not divest the District Court of jurisdiction under § 40-7-107(2), MCA.

¶21 The District Court did not hold a hearing on the motion to dismiss as required under § 40-7-108(2), MCA. *See also Marriage of Vanlaarhoven*, 2002 MT 222, ¶ 19, 311 Mont. 368, ¶ 19, 55 P.3d 942, ¶ 19; *Stoneman,* ¶ 20. The court did not allow the parties to submit information on the factors set forth in § 40-7-108(2), MCA, or make any mention of those factors in its order. The court did not make a determination, based on facts adduced from the parties, that it was an inconvenient forum. Jacob has cited no authority which supports the District Court's summary order transferring jurisdiction. We hold the District Court erred by making a determination regarding its jurisdiction without holding a hearing and without making any determinations of fact and law.

¶22 Reversed and remanded for further proceedings consistent with this Opinion.

/S/ KARLA M. GRAY

We concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE