DA 11-0664, DA 11-0665

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 78

IN THE MATTER OF:

S.S. and S.S.,

Youths in Need of Care.

APPEAL FROM:     District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause Nos. BDN 11-015, BDN 11-016
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

For Appellant (Mother):

Elizabeth Thomas, PLLC, Missoula, Montana

For Appellee:

Steve Bullock, Montana Attorney General; Matthew T. Cochenour,
Assistant Attorney General, Helena, Montana

John Parker, Cascade County Attorney; Jennifer Ropp, Deputy
Cascade County Attorney, Great Falls, Montana

Submitted on Briefs:  March 14, 2012

Decided:   April 10, 2012

Filed:

---

Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1  T.S. (Mother), mother of S.S. and S.S., appeals from the judgment of the Eighth Judicial District, Cascade County, awarding D.S. (Father) sole custody of the children and dismissing her case as related to the Department of Public Health and Human Services' (State) involvement.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2  In February 2011, the State initiated abuse and neglect proceedings and removed 12-year-old S.S. and 10-year-old S.S. from Mother's care upon substantiating reports that her alcohol abuse had led to the endangerment and physical neglect of the children. At the time, the marriage of the parents was dissolved and Mother and Father shared legal custody. The State placed the children with Father and established a safety plan that only allowed Mother supervised contact with the children.

¶3  The State filed a petition for emergency protective services pursuant to § 41-3-427, MCA, and temporary investigative authority pursuant to § 41-3-433, MCA. The District Court then appointed separate counsel to Mother, Father and the children pursuant to § 41-3-425, MCA, and the children were also appointed a guardian ad litem. Both parents stipulated that there was probable cause to grant the petition, and the children's attorney did not object to the State's request. The District Court granted the State's petition for emergency services and temporary investigative authority. The court also determined that the children should remain temporarily with Father because continuation in Mother's home would be contrary to their welfare.

¶4     Mother continued to abuse alcohol, resulting in several failed urinalysis tests and an arrest for violating the temporary order of protection Father obtained to limit her excessive phone calls. Accordingly, the State petitioned to have the children adjudicated as youths in need of care. The guardian ad litem reported to the court that the children expressed that they were doing well in Father's home, and that their performance in school had improved. After both parents stipulated, the District Court adjudicated the children as youths in need of care and ordered that the children remain in their current placement with Father. Father also informed the court that he intended to move for dismissal of the case at the time of the subsequent dispositional hearing. Mother indicated her intent to contest his motion.

¶5     After several continuations, a dispositional hearing was held on October 6, 2011. Father moved to dismiss the State's case and grant him full legal custody of the children. He argued that despite finishing treatment, Mother was still using alcohol. There was no objection to Father's motion from the State or the children's attorney. Mother, however, objected and asked to call witnesses. The District Court denied this request, finding that the issue was purely legal and that there were no disputed factual issues. Because Father was constitutionally entitled to parent his children and the court was not aware of any allegations concerning him, the case was dismissed and the children were placed with Father pursuant to § 41-3-438(3)(d), MCA. This appeal followed.

¶6     Because Mother appeals from an abuse and neglect proceeding initiated by the State pursuant to § 41-3-422, MCA, Father is not a party to this appeal.

¶7     We state the dispositive issue as follows:

3

¶8 *Did the District Court err when it dismissed the State's abuse and neglect proceeding and placed the children with the non-custodial parent pursuant to § 41-3-437(3)(d), MCA?*

## STANDARD OF REVIEW

¶9 In a youth in need of care proceeding, we review a district court's conclusions of law to determine if they are correct. *In re A.C.*, 2004 MT 320, ¶ 9, 324 Mont. 58, 101 P.3d 761.

## DISCUSSION

¶10 Initially, the State argues that the approval of Father's request was not a final judgment, and is thus not ripe for appeal. To the contrary, this Court has reviewed orders granting placement of children with one parent where the other parent's parental rights have not been terminated. *See e.g. In re A.C.*, ¶ 17; *In re B.P.*, 2008 MT 166, ¶ 26, 343 Mont. 345, 184 P.3d 334 (Leaphart & Morris, dissenting) ("The court's Order giving Father permanent custody of the children is a final order for the purposes of M. R. App. P. 4. . . ."). In regards to abuse and neglect proceedings, the Montana Rules of Appellate Procedure only designate orders of temporary custody among those which are not appealable. M. R. App. P. 6(5)(c). The dismissal in this case had the effect of terminating both the State's and the District Court's jurisdiction over the abuse and neglect proceedings that gave rise to this appeal, thus this is an appealable order.

¶11 *Did the District Court err when it dismissed the State's abuse and neglect proceeding and placed the children with the non-custodial parent pursuant to § 41-3-437(3)(d), MCA?*

4

¶12 When a child is adjudged a youth in need of care, a dispositional hearing must be held within 20 days unless the petition is dismissed or the parents stipulate to a disposition. Section 41-3-438(1), MCA. This hearing must be separate from the adjudicatory hearing, and "must be scheduled and structured so that dispositional issues are specifically addressed apart from adjudicatory issues." Section 41-3-438(2), MCA.

¶13 Mother argues that a dispositional hearing is intended to address placement issues and treatment plans, and that this necessarily requires the presentation of evidence as to the best interests of the children. Upon Father's motion to dismiss the action and with the concurrence of the State, the District Court concluded there was no factual determination to be made. There were no allegations against Father, and thus no question of fact regarding the best interests of the children in an abuse and neglect proceeding initiated by the State. Recognizing Father's constitutionally-protected interest in parenting his child[1], the District Court placed the children with him pursuant to § 41-3-438(3)(d), MCA, which allows the court to:

> order the placement of the child with the noncustodial parent, superseding any existing custodial order, and dismiss the proceeding with no further obligation on the part of the department to provide services to the parent with whom the child is placed or to work toward reunification of the child with the parent or guardian from whom the child was removed in the initial proceeding. . . .

Section 41-3-438(3)(d), MCA. The court also released the State from further obligation to provide services to Father.

---

[1] *See e.g. In re T.S.B.*, 2008 MT 23, ¶ 18, 341 Mont. 204, 177 P.3d 429.

¶14     In support of her argument that under § 41-3-438(2), MCA, it was reversible error to deny her an opportunity to present evidence, Mother cites to *In re J.J.G.*, 266 Mont. 274, 880 P.2d 808 (1994), *In re M.L.H.*, 220 Mont. 288, 715 P.2d 32 (1986), and *In re C.L.A.*, 211 Mont. 393, 685 P.2d 931 (1984).

¶15     The above cases are factually inapposite with the present case because the District Court here complied with § 41-3-438(2), MCA, as it pertains to scheduling of the adjudicatory and dispositional hearings.  Moreover, all three cases relied upon by Mother involved the removal of children from homes where both parents were being investigated by the State for suspected abuse or neglect, and two of these cases involved petitions to terminate the parent-child relationships of both parents.

¶16     This case arose, on the other hand, from an abuse and neglect proceeding initiated by the State due to the alcohol abuse of Mother, who was divorced from Father.  Mother's parental rights were not terminated.  Instead, the District Court followed the statutory procedure of § 41-3-438(3)(d), MCA, in ordering placement of the children with Father.  This relieved the State from any further obligation to the children, as the concern for them being youths in need of care was eliminated by the placement.  *See In re A.C.*, ¶ 17.

¶17     This is not to say that Mother does not have a remedy.  Now that the State is no longer a party, Mother has the ability to initiate an action for a parenting plan pursuant to the provisions of Title 40, Chapter 4, MCA.  That is the appropriate forum to invoke district court jurisdiction to resolve future disputes between the parents regarding these children.

6

CONCLUSION

¶18    The District Court did not err when it dismissed the State's abuse and neglect proceeding and placed the children with Father.  For the foregoing reasons, we affirm the District Court's order.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ BETH BAKER
/S/ JAMES C. NELSON