DA 22-0365

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 46N

IN THE MATTER OF:

P.C., G.C., and S.C.

     Youths in Need of Care.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause Nos. DN-15-276, DN 15-277, DN 15-278
Honorable Brett D. Linneweber, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Taryn Gray, Attorney at Law, Missoula, Montana

    For Appellee:

        Austin Knudsen, Montana Attorney General, Bjorn Boyer, Assistant Attorney General, Helena, Montana

        Scott Twito, Yellowstone County Attorney, Heather Webster, Deputy County Attorney, Billings, Montana

        Submitted on Briefs:  February 1, 2023

        Decided:  March 14, 2023

Filed:

_____
           Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Father appeals from a Thirteenth Judicial District Court order granting the Department of Health and Human Services' (Department) petition for guardianship of his children. We affirm.

¶3 On July 15, 2020, Father's children, P.C., G.C., and S.C., were removed from Father's care due to Father's struggles with alcohol abuse and ability to care for the children. The District Court adjudicated the children as youths in need of care and granted temporary legal custody to the Department on September 14, 2020. The children were placed with a foster family recommended by Father, who knew them through church. The children's mother, who had already relinquished her parental rights, passed away in May 2021. In the spring of 2021, while completing his treatment plan, Father was diagnosed with cancer.

¶4 In a hearing in September 2021, Father stipulated to an extension of temporary legal custody, and Father's attorney reported that Father's cancer was in remission and that Father wanted the children in his care. The Child Protection Specialist (CPS) reported that Father worked four ten-hour graveyard shifts per week and that the two older children

objected to being returned to Father's care on the grounds that they did not want to be required to give up extracurricular activities in order to undertake caretaking duties for the youngest sibling while Father was at work or sleeping. At a December 20, 2021 status hearing, Father's attorney relayed that Father was doing well but still had substantial chemotherapy needs. The court noted concern about returning the children to Father on a full-time basis.

¶5 At a January 31, 2022 status conference, the Department informed the court that Father had agreed to a guardianship where the children would remain with the foster parents. The Department filed for guardianship. The CPS worker's affidavit in support of the petition noted that Father supported the guardianship, while the Court Appointed Special Advocate indicated that the children had requested guardianship.

¶6 On April 11, 2022, counsel for the parties appeared at the guardianship hearing. Father was not present and counsel indicated that he had not been able to make contact with Father for approximately two months, as Father had not responded to counsel's calls. Father's counsel stated that Father had previously expressed oral consent to the guardianship but had not signed a written consent. Father's counsel asked that the court proceed with the hearing but hold the written order "in abeyance for two weeks" so he could continue to attempt to contact Father. Counsel also stated that there were no objections to the CPS worker's affidavit in support of the guardianship, counsel did not wish to examine the CPS worker, and counsel did not object to the court relying on the affidavit. The court then orally made the factual findings necessary to grant the

guardianship but indicated the written order would be "held off" to give Father a chance to "supplement the record."

¶7 On April 22, 2022, within the two-week window, Father filed a notice of objection. The notice stated that counsel had been able to contact Father and that Father had expressed "concerns relayed to him by the children," objected to the guardianship, and requested a new hearing to present evidence and testimony to "challenge the allegations contained in the Petition."[1] The court did not hold a new hearing and, on June 21, 2022, issued a written order noting Father's objection but nevertheless granting guardianship. Father appeals the order.

¶8 The standard of review for discretionary trial court rulings, including on post-proceeding motions, is abuse of discretion. *In re Johnson*, 2011 MT 255, ¶ 12, 362 Mont. 236, 262 P.3d 1105. We review a district court's findings of fact for clear error, which consists of a lack of supporting substantial evidence, a misapprehension by the district court of the effect of the evidence, or a "definite and firm conviction" on appeal that a mistake has been made. *In re S.S.*, 2022 MT 75, ¶ 12, 408 Mont. 238, 507 P.3d 1161.

¶9 On appeal, Father challenges the District Court's issuance of its guardianship order without granting Father a second hearing in which to present evidence following his filing of a notice of objection. Under the United States and Montana Constitutions, parents have a due process right to fundamentally fair proceedings in matters regarding the care and

---

[1] The objection was only filed with regard to two of the three children, S.C. and P.C. On appeal, Father indicates that the failure to object with regard to all three children was an unintentional oversight.

custody of their children. *In re K.B.*, 2019 MT 73, ¶ 11, 395 Mont. 213, 437 P.3d 1042; Mont. Const. art. II, § 17; U.S. Const. amend. V. Father does not dispute that the April 11, 2022 guardianship hearing constituted sufficient due process, and that his failure to avail himself to that process by attending the hearing does not render his due process rights violated. *See In re C.B.*, 2019 MT 294, ¶ 22, 398 Mont. 176, 454 P.3d 1195 (parent's failure to attend termination hearing after being "afforded notice and an opportunity to challenge the Department's petition" not a due process violation).

¶10 Essentially, Father's contention is that, once the District Court did grant the accommodation, the court was bound to allow for a second hearing, should Father request one within the allotted time. However, the District Court advised only that Father would be given two weeks to "supplement the record"; it did not commit itself to allowing Father to present testimony at a *new hearing*.[2] Notably, statute requires that the court's written order be issued no more than 20 days after the guardianship hearing. Section 41-3-445(5)(a), (8)(d), MCA. In light of this prompt deadline, it would be unreasonable to interpret the District Court's reference to "supplement[ing] the record" over the following two weeks to mean scheduling another hearing.

¶11 Additionally, while the guardianship statute does not specifically provide for a rehearing, §§ 41-3-444 and -445, MCA, § 25-11-102, MCA, provides that the only acceptable grounds for granting a new bench trial are:

---

[2] At the hearing, Father's attorney related that Father had not been returning calls and the attorney had been unable to contact Father for approximately two months. Though Father speculates on appeal that his health issues could have been the cause of his absence or lack of communication, he points to nothing in the record to support this or any other explanation constituting good cause.

5

(1) irregularity in the proceedings of the court, jury, or adverse party or any order of the court or abuse of discretion by which either party was prevented from having a fair trial;

.   .   .

(3) accident or surprise that ordinary prudence could not have guarded against; and

(4) newly discovered evidence material for the party making the application *that the party could not, with reasonable diligence, have discovered and produced* at the trial.

Section 25-11-102, MCA (emphasis added).  Father's notice, referencing communications with his children, failed to show that any newly-discovered evidence could not have been discovered and produced with reasonable diligence at the time of the guardianship hearing.

¶12     Moreover, any potential error was not prejudicial and therefore is not reversible, in any event.  *See State v. Paulson,* 167 Mont. 310, 315, 538 P.2d 339, 342 (1975) (district court's determination on motion to continue not reversible absent showing of prejudice). *See also In re C.B.*, ¶ 18 (reversal for due process allegation requires showing how the outcome would have been different if the violation had not occurred).  The District Court's unnecessary grant of additional time did not prejudice Father or create detrimental reliance. Father was not entitled to a continuance in the first place and, moreover, Father has made no showing here or below of a meritorious objection to the proposed guardianship order. While Father argues that it is unfair to ask him to point to evidence in the record supporting his claim when he was not given the opportunity to present such potential evidence at a second hearing, Father points to no proffer of evidence that would have undermined the finding of the court following the hearing.

¶13 Alternatively, Father—pointing to his success in his treatment plan—argues that the District Court's finding that "further efforts to reunite the parent and the child by the department would likely be unproductive" pursuant to § 41-3-444(2)(d), MCA, was clearly erroneous. Issues not preserved before a district court and raised for the first time on appeal are reviewable only under the rubric of plain error.[3] *In re Custody & Parental Rights of D.A.*, 2008 MT 247, ¶ 33, 344 Mont. 513, 189 P.3d 631. At the time of the hearing, Father, through his attorney, explicitly declined to object to the proposed guardianship order and the court's factual findings. On appeal, Father points to his notice of objection, filed pursuant to the court's two-week delay in issuing its order, which notes "concerns relayed to [Father] by the children" and his desire to present evidence to "challenge the allegations contained in the Petition." However, in order to preserve an objection for appeal, the stated grounds for the objection must be sufficiently specific; a general objection to an alleged error is not sufficient. *In re B.I.*, 2009 MT 350, ¶ 16, 353 Mont. 183, 218 P.3d 1235 (citations omitted). Under these circumstances, the belated and vague reference to undisclosed "concerns" and "allegations contained in the Petition" is insufficient to preserve an objection to the District Court's factual finding that further efforts to reunite Father with his children would likely be unproductive.

¶14 Under the plain error doctrine, this Court may, in its discretion, review alleged errors in "limited situations" where failure to do so could result in a manifest miscarriage of

---

[3] Father fails to raise the plain error doctrine with regard to this issue in his opening brief here on appeal.

7

justice or compromise the integrity of the judicial process. *D.A.*, ¶ 33. The record indicates that, as of the time of the scheduled hearing, Father had consented to the guardianship.[4] Moreover, the CPS worker's affidavit relied upon by the District Court opined that further efforts at reunification would likely be unproductive and that reunification would be contrary to the best interest of the children, citing Father's ongoing physical health issues and work schedule as undermining his ability to provide appropriate care. We do not find a manifest miscarriage of justice or compromise of judicial integrity under these circumstances and we decline to further review Father's challenge to the District Court's factual findings.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶16 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON
/S/ JIM RICE

---

[4] The record also indicates that Father has a good relationship with the children's guardians and is able to regularly engage with his children accordingly.